Filing # 141167182 E-Filed 12/31/2021 07:01:39 AM

**IN THE COUNTY COURT**
**OF THE SIXTH JUDICIAL**
**CIRCUIT IN AND FOR**
**PINELLAS COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

**Case No:**

**SANDRA EMERSON,**

      **Plaintiff,**

v.

**MIDLAND CREDIT**
**MANAGEMENT, INC.,**

      **Defendant.**
_____/

## <u>PLAINTIFF'S STATEMENT OF CLAIM</u>

**COMES NOW**, Plaintiff, **SANDRA EMERSON** ("Ms. Emerson" or "Plaintiff"),

by and through the undersigned counsel, and hereby sues and files this Statement of Claim

against Defendant, **MIDLAND CREDIT MANAGEMENT, INC.** ("Defendant"), and in

support thereof states as follows:

### *<u>Introduction</u>*

1.    This action arises out of an alleged "Debt" as defined by 15 U.S.C. §

1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection

with the collection of the subject alleged Debt with person(s) other than Ms. Emerson, her

attorney, or a consumer reporting agency without prior consent of Ms. Emerson given

directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

### *Jurisdiction and Venue*

2.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.      Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.      Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.      Venue is proper in Pinellas County, Florida, where Defendant has physical locations in Pinellas County, Florida.

6.      Venue is proper in Pinellas County, Florida, where this tortious cause of action accrued in Pinellas County.

7.      Venue is also proper in Pinellas County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8.      Plaintiff, Ms. Emerson, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9.     At all times material hereto, Defendant was and is a business with its principal place of business in the state of CA, and its registered agent,   MIDLAND FUNDING LLC, located at 13008 Telecom Drive STE 350, Tampa, FL 33637.

10.     Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7)  and 15 U.S.C. § 1692a(6).

11.     Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12.     Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

### *Statements of Fact*

13.     Ms.  Emerson opened a credit card account with Capital One N.A. for personal or household use that was assigned a unique account number ending 1575 ("Account").

14.     Sometime thereafter, Ms. Emerson encountered financial difficulties and fell behind on her payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15.     Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16.     The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17.    Ms. Emerson never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18.    At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19.    At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20.    Despite Defendant failing to have Ms. Emerson's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third party vendors.

21.    As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third party vendor.

22.    The information conveyed by Defendant to its third-party vendor included Ms. Emerson's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Ms. Emerson allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Ms. Emerson.

23.    Defendant also conveyed that it was a debt collector attempting to collect a debt from Ms. Emerson to its third party vendor(s).

24.     Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided risk assessments with respect to Ms. Emerson and the Account.

25.      Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third party vendor that provided various scrubbing services with respect to Ms. Emerson and the Account.

26.     Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection letters to Ms. Emerson.

27.     The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Ms. Emerson.

28.     For example, on or around July 25, 2021, Defendant's third-party letter vendor sent a letter directly to Ms. Emerson in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

29.     Defendant's third-party letter vendor July 25, 2021 letter was addressed directly to Ms. Emerson, identified the Account, represented that Defendant is a "debt collection company," demanded a total amount due of $418.63, and offered payment options available. *See* **Exhibit A.**

30.     All of Defendant's letters to Ms. Emerson were done in connection with the collection of the alleged Debt.

## *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

31.    Ms. Emerson re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32.    Ms. Emerson is a "consumer" within the meaning of the FDCPA.

33.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

34.    Defendant is a "debt collector" within the meaning of the FDCPA.

35.    Defendant's communication of information in connection with the collection of the Debt to the subject third party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

36.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

      a.  Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Ms. Emerson, her attorney, or a consumer reporting agency without the prior consent of Ms. Emerson given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

37.    As a result of the above violations of the FDCPA, Ms. Emerson has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

38.   Defendant's actions have damaged Ms. Emerson by causing her stress.

39.   Defendant's actions have damaged Ms. Emerson by causing her anxiety.

40.   Defendant's actions have damaged Ms. Emersonby being an annoyance.

41.   Defendant's actions have damaged Ms. Emerson by causing her aggravation.

42.   It has been necessary for Ms. Emerson to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

43.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees;

d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

e.  Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **SANDRA EMERSON** , demands a trial by jury on all issues so triable.

Respectfully submitted this **December 31, 2021,**

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Counsel for Plaintiff

Filing # 141167182 E-Filed 12/31/2021 07:01:39 AM

# EXHIBIT A

 Your account has a new home.


**Midland Credit Management**

350 Camino De La Reina
Suite 100
San Diego, CA 92108

7/25/2021

## Account Transfer Details

| | |
|---|---|
| **Original Creditor** | CAPITAL ONE, N.A. |
| **Original Account Number** | xxxxxxxxxxxx1575 |
| **Current Servicer** | Midland Credit Management, Inc. |
| **MCM Account Number** | ▮▮▮▮4347 |
| **Current Owner** | Midland Credit Management, Inc. |
| **Current Balance** | $418.63 |

P13 T290  014  


Sandra Sandra Emerso

**Flexible payment options available**

---

### Account at a Glance

**Current Balance**
**$418.63**

**Flexible payment options available**

**Receive Personalized Service**

**Begin your path to your financial freedom TODAY!**

RE CAPITAL ONE, N.A. WALMART

Dear Sandra,

Welcome! On 7/20/2021, your account was sold to Midland Credit Management, Inc., which is now the sole owner of this debt.  Midland Credit Management, Inc. ("MCM"), a debt collection company, will be collecting on and servicing your account.

To welcome you to MCM, we'd like to offer you an opportunity to resolve this account with no further letters or phone calls.

MCM is a different kind of debt collector. Here is what to expect:
– A dedicated Account Manager will be assigned to your account
– We will reach out to you by phone

**MCM, a partner you can trust.**

We value your experience and understand that managing debt can be a difficult process! That is why we set standards for how you are to be treated while working with us. Call **877-452-7959** to experience the difference for yourself.


CONSUMER BILL OF RIGHTS

**Reply by**
**9/8/2021**
**MidlandCredit.com**
**Call 877-452-7959**
Mon-Fri:  8am - Midnight ET
Sat-Sun: 8am - 7:30pm ET

Sincerely,
Tim Bolin
Division Manager

*They have Called at least 10 times total.*

We are not obligated to renew any offers provided.

 **MidlandCredit.com**

 **877-452-7959**

Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

**IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

**Case No: 22-000014-SC**

**SANDRA EMERSON,**

     **Plaintiff,**

v.

**MIDLAND CREDIT
MANAGEMENT, INC.,**

     **Defendant.**
_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST INTERROGATORIES TO DEFENDANT

COMES NOW, Plaintiff, SANDRA EMERSON ("Ms. Emerson" or "Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, hereby gives notice of service of its First Set of Interrogatories upon Defendant, MIDLAND CREDIT MANAGEMENT, INC., to be answered under oath and in writing pursuant to Rule 1.340.

     DATED this **January 9, 2022:**

                               */s/ Kaelyn Diamond*
                               Kaelyn Diamond, Esq.
                               Florida Bar No. 125132
                               kaelyn@attorneydebtfighters.com
                               service@attorneydebtfighters.com
                               Ziegler Diamond Law: Debt Fighters
                               2561 Nursery Road, Suite A
                               Clearwater, FL 33764
                               (p) (727) 538-4188
                               (f) (727) 362-4778
                               *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **09** day of

**January, 2022**:

1.      **X**   Electronic Mail/Electronic Service,  **X**   Delivery, _____ US Mail, _____ Fax

Midland Credit Management, Inc.
C/O MIDLAND FUNDING LLC
13008 Telecom Drive STE 350
Tampa, FL 33637

_/s/ Kaelyn Diamond_
Kaelyn Diamond, Esq.
Florida Bar No. 125132

**IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

**Case No:  22-000014-SC**

**SANDRA EMERSON,**

      **Plaintiff,**

**v.**

**MIDLAND CREDIT
MANAGEMENT, INC.,**

      **Defendant.**

_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO
## <u>DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.</u>

      **COMES NOW**, Plaintiff, **SANDRA EMERSON** ("Ms. Emerson" or "Plaintiff"), by and

through the undersigned counsel, and hereby requests that Defendant, **MIDLAND CREDIT**

**MANAGEMENT, INC.**, respond to the following Interrogatories within 30 days after service

hereof, in accordance with Fla. R. Civ. P.§ 1.340.

### [CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served, but not filed, as follows on the **09** day of **January, 2022**:

1.     ____ Electronic Mail/Electronic Service, __X__ Delivery, ____ US Mail, ____ Fax

Midland Credit Management, Inc.
C/O MIDLAND FUNDING LLC
13008 Telecom Drive STE 350
Tampa, FL 33637

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.     Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.     Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.     Each request and interrogatory is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.     Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied   or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

     5.     A request to "identify" a document is a request to state (insofar as may be applicable):

     a.     The date of such document.

     b.     The type of document or written communication it is.

     c.     The names and present addresses of the person or persons who prepared such document and of the signers, senders and addressees of such document.

     d.     The name of any principal whom or which the signers, senders and preparers of such document were thereby representing.

     e.     The present location of such document.

     f.     The name and present address of the person now having custody of the document.

     g.     Whether You possess or control the original or a copy thereof and if so, the:

     i.  location and name of the custodian of such original or copy;

     ii.  a brief description of the contents of such document.

     6.     A request to "describe" any oral statement or communication is a request to state:

     a.     The name and present address of each individual making such statement or communication.

     b.      The name of any principal or employer whom or which such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employee.

     c.      The name and present address of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer whom such person or persons were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

     d.      The names and present addresses of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

     e.      The place where such oral statement or communication was made.

     f.      A brief description of the contents of such oral statement or communication.

7.     A request to "cite" portions or provisions of any document is a request to state, insofar as applicable with reference to such portion or provision, the title, date, division, page, sheet, charge order number, and such other information as may be necessary to accurately locate the portion or provision referenced.

8.     The term "person" shall include a natural person, partnership, corporation, association, or other group however organized.

9.     Whenever a request is made to "identify" a natural person, it shall mean to supply all of the following information:

     a.      His/her full name.

     b.      His/her employer and position at the time.

     c.      The name of any person or entity (natural or artificial) whom she/he is claimed to have represented in connection with the matter to which the interrogatory relates.

      d.     His/her last known address, telephone number, and employer.

      e.     His/her present employer.

10.    A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

      a.     State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

      b.     For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

11.    Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

12.    A request in any of the enclosed interrogatories to "identify" any document is a request to attach said document to answers to these interrogatories. If documents are attached to answers to these interrogatories, they must be marked to identify which interrogatory they refer to. In identifying documents You are also requested to produce, You need to supply only so much of the requested information as is not readily apparent from the face of the document.

13.    The term "Relevant Time Period" shall mean one (1) year prior to the date on which Plaintiff's Complaint was filed in the instant lawsuit.

14.    The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

15.     If an answer to an interrogatory requires space beyond what is provided, please continue Your answer on additional paper, providing the question and the additional page number (e.g. "Interrogatory 3, page 2").

16.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

17.     Assume all interrogatories and discovery requests seek information from the time period during which You maintain(ed) the Subject Account and attempted to collect any balance owed under the Account.

18.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## [THIS SECTION LEFT INTENTIONALLY BLANK]

## II. PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

1.      State the name, address, employer, the position of employment, and the telephone number of every person who assisted in the preparation of the answers to these interrogatories.

**ANSWER:**

2.      State whether You have ever been involved in any previous FDCPA litigation anywhere in the United States in the past five (5) years, and if Your answer is in the affirmative, please state the date litigation was commenced and resolved (if applicable), parties, jurisdiction, venue, case number, synopsis of the case, and detailed description of the resolution thereof.

**ANSWER:**

3.      Identify any servicer, sub-servicer, forwarder, intermediary, or third parties who conducted activity on the Subject Account, including, but not limited to engaging in the communications at issue in this lawsuit. Please identify the date of the activity by each entity, and the nature of the activity.

**ANSWER:**

4.      Identify each individual who spoke with the Plaintiff or any persons besides the Plaintiff regarding the Subject Account on Your behalf, including, in addition to the itemized information included in the definitions enclosed with these Plaintiff's First Interrogatories, that individual's first, middle, and last name, that individual's position at the time of speaking with Plaintiff or any other persons besides the plaintiff regarding the Subject Account, the last two known addresses of that individual, the last known personal phone number of that individual, and employer of the individual who spoke with the Plaintiff. Please identify the date and time of each conversation between that individual and Plaintiff or any persons besides the Plaintiff regarding the Subject Account.

**ANSWER:**

5.      State whether or not written, recorded or oral statements have been obtained from any persons relating to the facts or circumstances surrounding the occurrence mentioned in the Complaint.  If so, state the name, address, employer, and job title of the person presently having control, custody or being present for such statements.

**ANSWER**:

6.      Identify and state the names, addresses and job titles of all persons who performed any review, participated in the review, or supplied any information to the review of the Subject Account or Your collection efforts related to the Subject Account.

**ANSWER**:

7.      Identify the account numbers of all accounts You have that relate to the instant lawsuit in any way, and identify the primary and any secondary account obligor.

**ANSWER**:

8.      During the Relevant Time Period, who owned the debt in this dispute? If You do not own the debt, then, in that case, who assigned You to collect in the debt and when were You assigned the debt?

**ANSWER**:

9.      Describe any formal or informal agreements in which any entity may be responsible to pay any verdict, award, or settlement of any defendant in this action.  This interrogatory seeks identification and description of any agreements between You and any applicable liability insurance provider, identifying the name of the liability insurance provider, the policy number, the claim number with respect to this occurrence (if applicable), policy limits, the Declaration Page, the insurance adjuster's name and contact information, and the name and address of the custodian of the policy.

**ANSWER**:

10.     Identify the name and address of each and every third party You communicated with or shared information with regarding Plaintiff, the Debt, as defined in the Complaint, and/or the Subject Account. This Interrogatory seeks information regarding, but not limited to, the letter vendor(s) You used to print and/or send the letter attached to Plaintiff's Complaint as Exhibit "A."

**ANSWER**:

11.    Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's operative Complaint, your answer, and affirmative defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, case number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred. The request for identification of trial testimony is limited to testimony given relating to any claims concerning compliance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), on behalf of the party responding to this Interrogatory. This interrogatory is further limited to testimony given within the preceding five years.

**ANSWER:**

## **VERIFICATION PAGE**

I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: _____

_____
Signature

_____
Print name

_____
Title

State of _____

County of _____

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 202__, by _____ (name of officer or agent, title of officer or agent) of _____ (name of corporation acknowledging), a _____ (state or place of incorporation) corporation, on behalf of the corporation. He/she is _____ personally known, or _____ produced _____, as identification.

_____
NOTARY PUBLIC
Printed Name: _____
Commission Expires: _____

DATED **January 9, 2022:**

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Filing # 141167182 E-Filed 12/31/2021 07:01:39 AM

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:

SANDRA EMERSON,

     Plaintiff,

v.

MIDLAND CREDIT
MANAGEMENT, INC.,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

     **COMES NOW**, Plaintiff, **SANDRA EMERSON** ("Ms. Emerson" or "Plaintiff"), by and

through the undersigned counsel, and hereby requests that Defendant, **MIDLAND CREDIT**

**MANAGEMENT, INC.**, respond to the following Requests for Admission within 30 days after

service hereof, in accordance with Fla. R. Civ. P.§ 1.370.

### [CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **31** day of **December, 2021**:

1.    **X**   Electronic Mail/Electronic Service,  **X**  Delivery,  ____ US Mail,  ____ Fax

    Midland Credit Management, Inc.
    C/O MIDLAND FUNDING LLC
    13008 Telecom Drive STE 350
    Tampa, FL 33637

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.  Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.  Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.  Each request is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.  Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied   or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

5.      A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

     a.   State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

     b.   For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

6.      Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

7.      The term "Relevant Time Period" shall mean one (1) year prior to the date on which Plaintiff's Complaint was filed in the instant lawsuit.

8.      The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

9.      For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term

is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

10.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## [THIS SECTION LEFT INTENTIONALLY BLANK]

## II. PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

1.      Admit that Plaintiff is a natural person.

2.      Admit that Plaintiff is not a business entity.

3.      Admit that You had and have no information suggesting that the Subject Account was a commercial or business account.

4.      Admit that the Subject Account was in default at the time it was sold to You.

5.      Admit that You were acting as a debt collector pursuant to the FDCPA when you communicated with Plaintiff regarding the Subject Account.

6.      Admit that a letter vendor of Yours sent the letter attached to the Complaint as Exhibit "A" to Plaintiff on July 25, 2021.

7.      Admit that the letter a vendor of yours sent to Plaintiff attached to the Complaint as Exhibit "A" was sent in connection with the collection of the debt owed under the Subject Account.

8.      Admit that all letters your letter vendor sent to Plaintiff during the Relevant Time Period were sent in connection with the collection of a debt owed under the Subject Account.

9.      Admit that Your corporate policy and procedures provided no means for Plaintiff to remove her mailing address from your mailing list.

10.     Admit that You have at least one recording from during the Relevant Time Period related to the Subject Account.

11.     Admit that You have more than one recording from during the Relevant Time Period related to the Subject Account.

12.     Admit that You have no corporate policies or procedures in place to avoid the violations at issue in this lawsuit.

13.     Admit that You communicated information regarding the alleged debt owed under the Subject Account to a third-party vendor.

14.     Admit that You communicated information regarding the alleged debt owed under the Subject Account to the letter vendor that sent the letter attached to the Complaint as Exhibit "A."

15.     Admit that Plaintiff did not give You express permission to communication information regarding the alleged debt owed under the Subject Account to any third-party vendor.

16.     Admit that You violated the FDCPA.

DATED  **December 31, 2021:**

> */s/ Kaelyn Diamond*
> Kaelyn Diamond, Esq.
> Florida Bar No. 125132
> kaelyn@attorneydebtfighters.com
> service@attorneydebtfighters.com
> Ziegler Diamond Law: Debt Fighters
> 2561 Nursery Road, Suite A
> Clearwater, FL 33764
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> *Counsel for Plaintiff*

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Filing # 141167182 E-Filed 12/31/2021 07:01:39 AM

**IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

**Case No:**

**SANDRA EMERSON,**

     **Plaintiff,**

**v.**

**MIDLAND CREDIT
MANAGEMENT, INC.,**

     **Defendant.**

_____/

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

     **COMES NOW**, Plaintiff, **SANDRA EMERSON** ("Ms. Emerson" or "Plaintiff"), by and

through the undersigned counsel, and hereby requests that Defendant, **MIDLAND CREDIT**

**MANAGEMENT, INC.**, respond to the following Requests for Production within 30 days after

service hereof, in accordance with Fla. R. Civ. P.§ 1.350.

### [CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **31** day of **December, 2021**:

1.        **X**   Electronic Mail/Electronic Service,  **X**  Delivery, ____ US Mail, ____ Fax

Midland Credit Management, Inc.
C/O MIDLAND FUNDING LLC
13008 Telecom Drive STE 350
Tampa, FL 33637

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.        Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.        Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.        Each request is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.        Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied   or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

5.    A request to "identify" a document is a request to state (insofar as may be applicable):

    a.  The date of such document.

    b.  The type of document or written communication it is.

    c.  The names and present addresses of the person or persons who prepared such document and of the signers, senders and addressees of such document.

    d.  The name of any principal whom or which the signers, senders and preparers of such document were thereby representing.

    e.  The present location of such document.

    f.  The name and present address of the person now having custody of the document.

    g.  Whether You possess or control the original or a copy thereof and if so, the:

        i.  location and name of the custodian of such original or copy;

        ii.  a brief description of the contents of such document.

6.    A request to "describe" any oral statement or communication is a request to state:

    a.  The name and present address of each individual making such statement or communication.

b.  The name of any principal or employer whom or which such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employee.

c.  The name and present address of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer whom such person or persons were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

d.  The names and present addresses of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

e.  The place where such oral statement or communication was made.

f.  A brief description of the contents of such oral statement or communication.

7.      A request to "cite" portions or provisions of any document is a request to state, insofar as applicable with reference to such portion or provision, the title, date, division, page, sheet, charge order number, and such other information as may be necessary to accurately locate the portion or provision referenced.

8.      The term "person" shall include a natural person, partnership, corporation, association, or other group however organized.

9.      Whenever a request is made to "identify" a natural person, it shall mean to supply all of the following information:

a.  His/her full name.

b.  His/her employer and position at the time.

c.  The name of any person or entity (natural or artificial) whom she/he is claimed to have represented in connection with the matter to which the interrogatory relates.

     d.  His/her last known address, telephone number, and employer.

     e.  His/her present employer.

10.    A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

     a.  State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

     b.  For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

11.    Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

12.    The term "Relevant Time Period" shall mean one (1) year prior to the date on which Plaintiff's Complaint was filed in the instant lawsuit.

13.    The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

14.    For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary. If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

15.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.


**[THIS SECTION LEFT INTENTIONALLY BLANK]**

## II. PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

1.      All documents utilized or referred to in preparing Your responses to any Interrogatories or Requests for Admission served on You in this lawsuit.

2.      Any and all documents, recordings, or electronic data contained in the Subject Account file, including, but not limited to: all account notes, system-generated activity, and payment history.

3.      Produce all nonprivileged documents in Your possession that mention, discuss, or reference this lawsuit.

4.      Your complete records (typewritten, handwritten, and computer-generated) of Your attempts to collect an alleged balance owed under the Subject Account including, but not limited to: all records of: (i.) all calls placed or text messages sent to all phone numbers associated with the Subject Account, (ii.) all e-mails sent to all email addresses associated with the Subject Account, and (iii.) all letters sent to all addresses associated with the Subject Account.

5.      All statements obtained by You from Plaintiff.

6.      Your call log or dialer records of all calls related to the Subject Account (whether the calls were made to the Plaintiff directly, received from the Plaintiff directly, or between You and any third parties regarding the Subject Account).

7.      Any documents which contain Plaintiff's name, phone numbers, or e-mail addresses which were referenced in an attempt to collect on any alleged balance owed under the Subject Account.

8.      Any and all audio recordings of any and all phone calls (whether the calls were made to the Plaintiff directly, received from the Plaintiff directly, or between You and any third parties regarding the Subject Account), interviews, meetings and/or discussions related to the Subject Account. Produce these as they are kept in the usual course of business. If this information is electronically stored, please produce in mp3 format and send via email or weblink to counsel of

record for Plaintiff in this lawsuit, or produce on CD, DVD, or USB memory drive and send via certified mail to counsel of record for Plaintiff in this lawsuit.

9.      Copies of each and every document that You intend to use or seek to introduce as evidence at summary judgment or trial in this lawsuit.

10.     All complete debt collection training records, including, but not limited to, any disciplinary history of all natural persons who attempted to collect an alleged balance owed under the Subject Account.

11.     All form e-mails, letters, text messages, or telephone scripts that You used or relied upon when communicating with Plaintiff regarding the Subject Account.

12.     All policies or procedures which You contend support any bona fide error defense that You are raising.

13.     Documents evidencing your policies and procedures for documenting telephone calls, emails, letters, and/or conversations with individuals contacted by You regarding the Subject Account during the Relevant Time Period.

14.     Documents You used to comply with 15 U.S.C. § 1692c(b) of the FDCPA during each year of the Relevant Time Period, concerning Your communications at issue in this lawsuit.

15.     A copy of all policies and procedures which concern or are related to practices to be followed by You to comply with the FDCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FDCPA, 15 U.S.C. § 1692c(b) during each year of the Relevant Time Period.

16.     A copy of all training materials used by You which concern or are related to practices to be followed by You to comply with the FDCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FDCPA, 15 U.S.C. § 1692c(b) during each year of the Relevant Time Period.

17.     Documents evidencing any contract or agreement between Plaintiff and You concerning the Subject Account in effect during the Relevant Time Period.

18.     Produce all Documents identifying, relating to, or regarding all contracts or agreements between You and any person (including, but limited to, any and all subservicers, servicers, or any other business entity) that communicated with Plaintiff or any third parties on Your behalf in connection with the collection of any alleged balance owed under the Subject Account during the Relevant Time Period. This Request seeks information regarding, but not limited to, any letter, email, scrubbing, or other vendor(s) used with respect to the Subject Account.

19.     Any insurance policies, declaration pages, indemnification agreements, or other contracts You have that may cover the violations alleged in this lawsuit.

20.     Documents, in effect during the Relevant Time Period describing Your retention policy concerning saving tape recordings that are the subject of legal complaints filed against You.

21.     Documents, in effect during the Relevant Time Period describing Your retention policy concerning documents and data.

22.     All documents that support the factual basis of Your denial of any of the allegations alleged in Plaintiff's Complaint.

23.     All documents that support the factual basis of any Affirmative Defense asserted by You in Your Answer and Affirmative Defenses.

24.     A log of any and all documents or data that You contend may have been destroyed regarding the Plaintiff or the Subject Account. Include in the log a description of the document or data, the date of destruction, and the party responsible.

25.     All documents or information regarding the Subject Account that was sent to any credit reporting agency, or to any vendor, that was used to furnish information to the credit reporting agencies or was otherwise used in connection with the Subject Account.

26.     Any and all transcripts of depositions taken of any corporate representative of Your company in the past 5 years.

27.     Produce a privilege log of any documents or communications withheld from production.

28.     All prior lawsuits or complaints, whether in court, by direct communication, or through any other governmental or administrative agency, made against You and Your subsidiaries and affiliates from the past three (3) years that relate to violation(s) of the FDCPA, 15 U.S.C. § 1692c(b) similar to those alleged in the Complaint in this lawsuit. Identification should include, but is not limited to, the case number, civil case file number, state where lawsuit/complaint was filed, court/agency in which law suit/complaint was filed, nature and substances of each and every claim made in the lawsuit, and the date on which the law suit/complaint was filed with the court.

DATED **December 31, 2021:**

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

**[THIS SECTION LEFT INTENTIONALLY BLANK]**